J. JONES, Justice,
concurring in the result.
I concur in the result reached by the Court — vacating the judgment and remanding the case for further proceedings. Al *87 though counsel for the City made meritorious arguments in favor of the City’s ease, except with respect to Idaho Code section 50-323, I was also troubled by the lack of support or explanation for the three-fold increase in the sewer capitalization fee as of June 7, 2007. As the Court indicates, this may have been because the City had been charging too little or because the actual cost of providing sewer service substantially increased. Or, the increase could have been the result of a desire to raise revenue, which would be an impermissible tax. It is critical that this issue be addressed on remand.
A further issue that deserves attention on remand is the issue of standing. Where a party challenges the imposition of a tax, that party must show that it bears the incidence of the tax in order to have standing. See, generally, V-1 Oil Co. v. State Tax Comm’n., 98 Idaho 140, 145, 559 P.2d 756, 761 (1977); AmeriTel Inns, Inc. v. Greater Boise Auditorium Dist., 141 Idaho 849, 853, 119 P.3d 624, 628 (2005). In this case, the question is whether the incidence of the alleged tax is upon the Contractors Association, individual builders, or lot purchasers. Counsel for the Contractors Association indicated in oral argument that the Contractors Association includes both builders and lot purchasers, but the record is not entirely clear in this regard. That issue should be addressed upon remand.
Finally, the issue of valuation addressed in footnote 2 of the Court’s Opinion should be determined in the further proceedings below. The conclusion reached in the footnote as to the proper means of performing such an valuation may be correct but it seems to me that expert opinion below should address that issue, as I feel uncomfortable deciding it upon appeal, especially where the case is being remanded for additional action.
Chief Justice BURDICK concurs.